## THE STATE OF TEXAS, FOR USE OF ROCKWALL COUNTY, v. G. M. CURTIS ET AL.

### No. 520.

1. **Liquor Dealer's Bond—Violation of Condition—Minors.**—In an action by the State upon a liquor dealer's bond to recover for violation of its conditions, the petition alleged that the liquor dealer permitted a minor to enter and remain in his place of business for two months, as a bartender. The proof tended to show that he remained there in the capacity of porter. *Held*, that the capacity in which he remained there was immaterial, and the allegations in relation to it mere surplusage.

2. **Liquor Dealers—Music in Saloon.—**The statute absolutely prohibits music in a liquor dealer's saloon, irrespective of the purpose for which the music is produced, and whether or not it disturbs or annoys any one.

3. **Minority—Removal of Disabilities—Liquor Business.—**Where the disabilities of minority are removed by law, the minor has the right to engage in the liquor business, and his entrance and remaining in a saloon will not incur the penalty of a breach of the condition of a liquor dealer's bond.

APPEAL from Hunt. Tried below before Hon. E. W. TERHUNE.

*Joseph Cox* and *Grubbs, Atterberry & Sorrells,* for appellant.—1. It was a violation of one of the conditions of the bond of G. M. Curtis to permit B. B. Lanham, a person then under the age of 21 years, to enter and remain in his saloon, whether Lanham served as bartender or as porter in the saloon, since either would subject Curtis and his sureties to the penalty of the law authorizing this suit, irrespective of what purpose or in what character Lanham entered and remained in the saloon, or who authorized him to do so. Sayles' Civ. Stats., art. 3226a, sec. 4; Goldsticker v. Ford, 62 Texas, 385.

2. It was a violation of one of the conditions of the bond for the defendant to allow a music-box displayed in his saloon, and to allow music to be played on the same; and it matters not for what purpose he permitted the music-box to be played in his saloon—whether to effect a sale of the instrument, or draw crowds that he might sell liquor to them. Lumpkins v. The State, 12 Texas Ct. App., 341; Willson's Crim. Stats., art. 313; McCandless v. The State, 21 Texas Ct. App., 411.

3. The court erred in giving the last paragraph of its charge to the jury, as follows: "A person, although under 21 years old, would, when his disabilities of minority were removed by decree of court, have the right to enter and remain in a saloon as a bartender or otherwise." Acts 1881, pp. 22, 133; Sayles' Civ. Stats., art. 3226a, sec. 4; Goldsticker v. Ford, 62 Texas, 385.

No brief for appellees reached the Reporter.

RAINEY, ASSOCIATE JUSTICE.—This suit was instituted in the District Court of Rockwall County, in the name of the State of Texas, for the use of said county, for alleged violations of the conditions of a liquor dealer's bond executed by G. M. Curtis, as principal, and the other appellees as sureties. A change of venue was had to Hunt County, and a trial resulted in a verdict and judgment in favor of defendants, from which the State appeals.

The petition of plaintiff alleged, among other things, as a basis of recovery, "that said G. M. Curtis did permit one B. B. Lanham, who was then under the age of 21 years, to enter and remain in his said house and place of business from the 17th day of November, A. D. 1890, for two or —— months, as a bartender in his said place of business." The court on the trial, in charging upon this issue, instructed

the jury: "If, therefore, the jury find that B. B. Lanham was not permitted by defendant G. M. Curtis to enter and remain in his saloon as a bartender, although he may have, without objection on the part of Curtis, entered and remained in the saloon for other purposes, such acts would not be a breach of the bond as pleaded, and you will find for defendant as to this issue."

This charge, in our opinion, was error. One of the conditions of the bond executed by appellees is, that Curtis would not permit any person under the age of 21 years to enter and remain in his place of business as a liquor dealer. The evidence tended to show that this provision had been violated in the particular alleged. Under the law, the basis of recovery was a breach of this condition, and it was immaterial in what capacity Lanham acted, or whether he acted in any connected with the business, if he was permitted to enter and remain in the saloon. The allegation that Lanham was acting as a bartender in Curtis' place of business was useless and unnecessary, and should have been treated as surplusage, and a recovery did not depend upon its proof.

The following paragraph of the court's charge is complained of by appellant, to wit: "4. If the jury find from the evidence that defendant permitted a music-box to be displayed in his saloon solely for the purpose of selling it, and permitted it to be played upon solely to effect a sale, and under such circumstances as would not be reasonably calculated to draw crowds or cause persons to congregate in the saloon, or to disturb or annoy persons residing or doing business in the vicinity of the saloon or passing along the streets, then such music would not be a violation of the condition of the bond, and you should find for defendant in so far as that issue is concerned."

The question raised in this connection is, does the statute simply prohibit music in saloons, or does it prohibit only such music as is "calculated to disturb or annoy persons residing or doing business in the vicinity of such house or place of business, or those passing along the streets or public highways?" One of the conditions of Curtis' bond, which was alleged to have been violated, is, that he would "keep an open, quiet, and orderly house," etc. The proof was, that a music-box was placed upon the counter in the saloon and music played on it. It belonged to one Garner, who placed it there for the purpose of selling it. It could be heard a good distance, and people frequently went into the saloon to hear it play. It remained in the saloon for sometime, which was known to Curtis.

Article 3226a, subdivision 4, Revised Statutes, defining a "quiet house," says: "A quiet house or place of business, in the meaning of this act, is one in which no music, loud and boisterous talking, yelling, or indecent or vulgar language is allowed, used, or practiced, or any other noise calculated to disturb or annoy persons residing or doing business in the vicinity of such house or place of business, or those passing along the streets or public highways."

In our opinion, this provision of the statute absolutely prohibits the making of music in a house or place of business where "spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxication," are retailed. It also prohibits loud and boisterous talking, yelling, or indecent or vulgar language in such places. These things are especially prohibited, and are nowise qualified or affected in any manner by the language, "*calculated to disturb or annoy persons residing or doing business in the vicinity of such house or place of business, or those passing along the streets or public highways.*" This language applies alone to "any other noise" mentioned in the statute.

It seems from the language used and the construction of said provision, that the Legislature considered that no house could be a "quiet house" where there was music, loud and boisterous talking, yelling or indecent or vulgar language allowed, used, or practiced. And in addition to this, for fear violators of the law might find some "loophole" to evade this provision, a clause which would embrace all other kinds of noise was added. We think, when a liquor dealer allows music in his saloon, irrespective of its character or what effect it would have on the citizens, he breaches his contract with the State, and he and his sureties become responsible for the penalty prescribed in the bond.

Another paragraph of the court's charge of which appellant complains, is: "A person, although under 21 years of age, would, when his disabilities of minority were removed by decree of court, have the right to enter and remain in a saloon as bartender or otherwise."

Article 3361a, section 3, Revised Statutes, treating of the effect of the removal of disabilities of minors, provides: "After the removal of such disabilities of minority, the said minor shall be deemed and held, for all legal purposes, of full age, and shall be held responsible, and shall have all the privileges and advantages as if he were of full age, saving only, that he shall not vote until he arrives at the full age of 21 years." This is a very sweeping provision, and places a minor in the position of an adult, save and except in one case only, that of voting. Dealing in liquors is a business recognized by law, and a minor whose disabilities have been removed would not only have the right to take employment in such an establishment, but could engage himself in such a business.

Whether Lanham was permitted to enter and remain in the saloon of Curtis before his disabilities were removed, is a question of fact to be determined by the jury.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 31, 1894.